UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WANDA L. VELAZQUEZ, | ) | CASE NO. 1:19-cv-2474 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Thomas M. Parker (Doc. No. 20 ["R&R"]) with respect to plaintiff's complaint for judicial review of defendant's denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff Wanda L. Velazquez ("Velazquez" or "plaintiff") filed objections to the R&R (Doc. No. 21 ["Obj."]) and defendant Commissioner of Social Security ("Commissioner" or "defendant") filed a response to the objections (Doc. No. 22 ["Resp."]). Upon *de novo* review and for the reasons set forth below, the Court hereby overrules plaintiff's narrow objection, accepts the R&R, affirms the Commissioner's decision, and dismisses this case.

**I. BACKGROUND**

Velazquez filed applications for DIB and SSI on May 27, 2016, alleging a disability onset date of August 21, 2015, due to "carpal[] tunnel hands, neuropathy hands, diabet[e]s, insulin

dependen[ce], HBP [high blood pressure], asthma, lower back, heart conditions, and vis[]ion." (Doc. No. 11 (Transcript ["Tr."]) at 184, 188 207.)[1]

After Velazquez's applications were denied initially and upon reconsideration (*id*. at 73–114), she requested a hearing before an Administrative Law Judge ("ALJ") (*id.* at 137–38). The hearing was conducted on September 18, 2018. (*Id.* at 31–55.) Velazquez appeared, represented by counsel; a vocational expert ("VA") and an interpreter also appeared.

On November 6, 2018, the ALJ issued his decision, denying Velazquez's claims. (*Id*. at 11–30.) Velazquez requested review of the ALJ's decision by the Appeals Council, which denied her request on August 27, 2019 (*id*. at 1-8), rendering the ALJ's decision final.

Represented by new counsel, Velazquez timely filed the instant action seeking judicial review. Velazquez filed a brief on the merits (Doc. No. 13 ["Pl. Br."]), defendant filed a response brief (Doc. No. 16 ["Def. Br."]), Velazquez filed a reply (Doc. No. 17 ["Reply"]), and, with leave, defendant filed a sur-reply (Doc. No. 19 ["Sur-reply"]).

On October 8, 2020, Magistrate Judge Parker issued his R&R, recommending affirmance because substantial evidence supported the Commissioner's final decision denying Velazquez's applications for DIB and SSI. Velazquez objects to the R&R on one ground.

## II.    DISCUSSION

### A.    Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested

---

[1] For convenience, citations to the transcript use the bates numbers in the transcript; all other page number references herein are to the Page ID number assigned by the Court's electronic filing system.

resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.") (citations omitted).

**B.     Analysis**

The R&R gave several reasons why the Commissioner's denial of Velazquez's applications should be affirmed. First, the R&R concluded that Velazquez had forfeited her right to argue that there was an incomplete record because: (a) she had not raised it during the administrative hearing,

3

and (b) she had failed to develop it in her merits brief, but that (c) the argument would, in any event, fail on the merits, and (d) if it did not fail, any error was harmless. (R&R at 905–09.) Second, despite finding forfeiture, the R&R further concluded that the ALJ applied the correct legal standards and complied with SSR 14-2p by considering (at Step Three of the five-step analysis) whether Velazquez's diabetic conditions met or medically equaled a Listing. (*Id.* at 909–11.) Third, the R&R concluded that the ALJ's determination (at Step Four of the analysis) that Velazquez's subjective complaints were inconsistent with the medical and other evidence. (*Id.* at 911–15.) Fourth, the R&R concluded that the ALJ applied proper legal standards (also at Step Four) when evaluating Velazquez's residual functional capacity (RFC) and in finding that she was able to perform her past relevant work or other work in the national economy. (*Id.* at 915–19.)

Velasquez objects to only the first of the articulated reasons. (Obj. at 920.) By failing to object to the remainder of the reasons offered by the R&R, plaintiff has waived any right to do so. *See United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002) (any issue not raised directly by plaintiff is deemed waived); *see also Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) ("[W]e limit our consideration to the particular points that [plaintiff] appears to raise in her brief on appeal."). The Court will, therefore, address only the narrow objection on the issue of forfeiture that was raised by Velazquez.

Velazquez claims that neither she nor her administrative attorney "could have been aware that there was a prior ALJ decision as the earlier transcript would not have been part of the record." (Obj. at 920.) She further claims that, as a result, "the first time that she could assert her right to this argument[]" was in this Court when the transcript filed by the Commissioner surprisingly included a hearing transcript from October 29, 2013. (*Id.*; *see also* Tr. at 56–72.) She argues that she was unable to develop a more complete argument in her brief regarding the *res judicata* issue

4

precisely *because* the record was incomplete (Obj. at 920–21.) Finally, she claims that she did suffer harm because of the mere *possibility* that the ALJ failed to consider a prior determination that *might* have been dispositive of some issue in her current applications. (*Id*. at 921.) On this basis alone—that she did not forfeit this argument—Velazquez asks this Court to overrule the R&R and to remand this matter for further consideration.

In opposition to Velazquez's objection, the Commissioner argues that the Court should adopt the findings of the R&R with respect to forfeiture but that, in any event, the other reasons for affirmance given by the R&R provide independent grounds—unchallenged by Velazquez—for adopting the R&R.

The Court rejects Velazquez's argument that, until she saw the transcript in this case, she would have had no way of knowing that there was a prior administrative decision that might have impacted the current decision.

First, although her administrative attorney may have been unaware of a previous application and determination, surely Velazquez herself would have known. With a knowledge of administrative law that his client would not possess, the attorney could have inquired of her whether there might have been prior administrative proceedings, which he could then have assessed for possible impact on her current applications.

Second, the ALJ specifically asked during the September 18, 2018 hearing whether Velazquez and her attorney "had an opportunity to review the file[,]" (Tr. at 34) and the attorney answered in the affirmative. The attorney indicated a need to add some new medical records, which the ALJ granted; so the attorney clearly knew that adding missing components to the record would have been permissible at that juncture. Velazquez cannot belatedly complain of an incomplete record.

5

Third, after the attorney expressed "[n]o objections" to the file as presented (*id*. at 35), the ALJ announced that he was "admitting into evidence Exhibits B1-A through B8-A, B1-B through B16-B, B1-D through B6-D, B1-E through B13-E and B1-F through B11-F." (*Id*. at 35–36.) Among those exhibits, both B1-A and B2-A (the agency's initial determinations of Velazquez's current applications) include a chart listing all prior proceedings and decisions. The chart lists an application filed on March 27, 2012, which went through the entire administrative process, with initial denial on July 12, 2012, reconsideration denial on November 6, 2012, a hearing decision on January 17, 2014, and an Appeals Council decision on April 13, 2015.[2] The status of the application was listed as "closed." (*Id*. at 74; 82.) The alleged onset date in the instant case is August 21, 2015, four months later. (*Id*.)

Plaintiff's current assertion that "there was no way in which [she] could be aware of this issue until the Court transcript was filed in this matter[]" (Obj. at 920) is simply not the case. By offering no objection to the record when given the opportunity during the administrative hearing, plaintiff forfeited the chance to argue now that the record was incomplete and/or that the prior decision and/or hearing transcript might have a *res judicata* or collateral estoppel effect with respect to her current applications.

Plaintiff's sole objection is overruled.

---

[2] In her opening brief, Velazquez herself cited these dates as evidence that the record was incomplete. (Pl. Br. at 855.)

6

### III. CONCLUSION

For the reasons discussed above, plaintiff's objection is overruled and the R&R is accepted. Because the defendant's decision was supported by substantial evidence, that decision is affirmed. This case is closed.

**IT IS SO ORDERED**.

Dated: March 5, 2021

                                                  **HONORABLE SARA LIOI**
                                                  **UNITED STATES DISTRICT JUDGE**